IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOB BASSETT DEVONSHAY SILAS, and CHARLES CATHEY, | | |
| Plaintiffs, | | |
| v. | | |
| OFFICER MARIN #19521, OFFICER RONAN #2040, OFFICER RIVERA #17044, OFFICER ACEVEZ #18154, OFFICER COLINDRES #19764, OFFICER SZEZOL #6183, OFFICER CANTO #6720,  OFFICER ZULLO #6727, OFFICER NICPAN #7668, OFFICER ZAHN #827, UNKNOWN OFFICERS, and the CITY OF CHICAGO, | No. | FILED: MAY 7, 2008<br>08CV2640 J. N.<br>JUDGE GOTTSCHALL<br>MAG. JUDGE DENLOW |
| Defendants. | | |

## COMPLAINT AT LAW

NOW COME the PLAINTIFFS, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, state the following against the above named Defendants, to wit OFFICER MARIN #19521, OFFICER RONAN #2040, OFFICER RIVERA #17044, OFFICER ACEVEZ #18154, OFFICER COLINDRES #19764, OFFICER SZEZOL #6183, OFFICER CANTO #6720,  OFFICER ZULLO #6727, OFFICER NICPAN #7668,  OFFICER ZAHN #827,and UNKNOWN OFFICERS  (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.      PLAINTIFFS are residents of the State of Illinois and of the United States.

3.      The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4.      The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.      On or about February 21, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS.  This conduct violated the Fourth Amendment to the United States Constitution.

6.      On or about February 21, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7.      The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

8.      The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

9.      On February 21, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

11.     On or about February 21, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12.     Upon information and belief, OFFICER MARIN #19521, on February 21, 2008, came into physical contact with PLAINTIFFS.

13.     Upon information and belief, OFFICER RONAN #2040, on February 21, 2008, came into physical contact with PLAINTIFFS.

14.     Upon information and belief, OFFICER RIVERA #17044, on February 21, 2008, came into physical contact with PLAINTIFFS.

15.     Upon information and belief, OFFICER ACEVEZ #18154, on February 21, 2008, came into physical contact with PLAINTIFFS.

16.     Upon information and belief, OFFICER COLINDRES #19764, on February 21, 2008, came into physical contact with PLAINTIFFS.

17.     Upon information and belief, OFFICER SZEZOL #6183, on February 21, 2008, came into physical contact with PLAINTIFFS.

18.     Upon information and belief, OFFICER CANTO #6720, on February 21, 2008, came into physical contact with PLAINTIFFS.

19.     Upon information and belief, OFFICER ZULLO #6727, on February 21, 2008, came into physical contact with PLAINTIFFS.

20.     Upon information and belief, OFFICER NICPAN #7668, on February 21, 2008, came into physical contact with PLAINTIFFS.

21.     Upon information and belief, OFFICER ZAHN #827, on February 21, 2008, came into physical contact with PLAINTIFFS.

22.     Upon information and belief, UNKNOWN OFFICERS, on February 21, 2008, came into physical contact with PLAINTIFFS.

**CONSPIRACY**

23.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

   a.   agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

   b.   using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

   c.   agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

   d.   agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS; and

   e.   generating false documentation to cover-up for their own and each other's misconduct.

24.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about February 21, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT

OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, and suffer emotionally.

## EQUAL PROTECTION

25.     The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFFS, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFFS, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

26.     With regard to an Equal Protection Claim, PLAINTIFFS were a "Class of One."  In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS.  Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

## *MONELL* ALLEGATIONS

27.     It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

   a.   generate false documentation to cover-up for the misconduct of fellow police officers;

b. engage in acts of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

c. fail to properly discipline officers from said police department who have committed act(s) of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

d. fail to properly investigate a complaint of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon another;

e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g. fail to provide adequate sanctions/discipline to officers who commit false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or

significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.   fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.   fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.   fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m.   fail to properly investigate officers who commit acts of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.   fail to take proper remedial action with officers who commit acts of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens; and

o.   fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

28.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

29.     A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

## COUNT I
### §1983 Excessive Force

30.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

31.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS.  This conduct violates the Fourth Amendment of the United States Constitution.

32.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

33.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

34.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

35.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT III
## False Arrest – State Claim

36.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

37.     The DEFENDANT OFFICERS arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

38.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery – State Claim

39.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

40.     The DEFENDANT OFFICERS struck the PLAINTIFFS intentionally, without consent and without justification.

41.     The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

42.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT V
### Malicious Prosecution - State Claim

43.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

44.     The DEFENDANT OFFICERS alleged that PLAINTIFFS violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFFS.

45.     The DEFENDANT OFFICERS engaged in this effort without probable cause.

46.     The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS.

47.     The underlying criminal charges were resolved in a manner indicative of innocence.

48.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VI
### § 1983 Deliberate Indifference to Medical Needs

49.    PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

50.    The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFFS in that said OFFICERS failed to provide PLAINTIFFS with immediate medical attention after causing injury to one or more of the PLAINTIFFS.

51.    Said OFFICERS, instead of transporting PLAINTIFFS for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFFS as criminals, instead of providing immediate medical treatment.

52.    This conduct violated the Fourteenth Amendment to the United States Constitution.

53.    The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Conspiracy Claim

54.    PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

55.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT VIII
### Conspiracy Claim – State Law

56.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

57.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT IX
### § 1983 Equal Protection – Class of One

58.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

59.     The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

60.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT X – *Monell*

61.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

62.     As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

63.     Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

64.     As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFFS were injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFFS demand compensatory damages against the CITY OF CHICAGO, costs and attorneys' fees.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT XI
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

65.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

66.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

67.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

**COUNT XII**
**Supplementary Claim for *Respondeat Superior***

68.     PLAINTIFFS re-allege paragraphs 1 – 29 as though fully set forth herein.

69.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

**JURY DEMAND**

70.     Plaintiffs demand trial by jury.

Respectfully submitted,


s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz



**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076