IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOB BASSETT, DEVONSHAY SILAS, and CHARLES CATHEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 08 C 2640 |
| v. | ) ) ) | JUDGE GOTTSCHALL |
| OFFICER MARIN, #19521, OFFICER RONAN, #2040, OFFICER RIVERA, #17044, OFFICER ACEVEZ, #18154, OFFICER COLINDRES, #19764, OFFICER SZEZOL, #6183, OFFICER CANTO, #6720, OFFICER ZULLO, #6727, OFFICER NICPAN, #7668, OFFICER ZAHN, #827, UNKNOWN OFFICERS, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Denlow<br><br>JURY DEMAND |
| Defendant(s). | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer, defenses, and jury demand to Plaintiff's complaint, states as follows:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** The City denies that the United States Constitution provides a direct cause of action in this case. The City admits the remaining allegations of this paragraph.

**PARTIES**

2. PLAINTIFFS are residents of the State of Illinois and of the United States.

**ANSWER:** The City admits, according to Chicago Police Department ("CPD") records, Plaintiffs

are listed as residing in the State of Illinois and the United States at the time of their arrests of February 21, 2008. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:** The City admits that at all times relevant to the arrests of Plaintiffs on February 21, 2008, Defendant Officers Marin, Ronan, Rivera, Acevez, Colindres, Szezol, Canto, Zullo, Nicpan, and Zahn were employed by and acting on behalf of the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the Monell claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois. The City further admits that Defendant Officers Marin, Ronan, Rivera, Acevez, Colindres, Szezol, Canto, Zullo, Nicpan, and Zahn are employed by the City as police officers, and on information and belief based on CPD records, that Defendant Officers Marin, Ronan, Rivera, Acevez, Colindres, Szezol, Canto, Zullo, Nicpan, and Zahn at all times relevant to the arrests of Plaintiffs on February 21, 2008 were acting under color of state law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## FACTS

5.　　On or about February 21, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6.　　On or about February 21, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7.　　The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8.　　The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9.　　On February 21, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.　　As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.　　On or about February 21, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:**　　The City admits that Plaintiff purports to bring this action with regard to the individual capacity of the Defendant Officers, and that, on February 21, 2008, Defendant Officers Marin, Ronan, Rivera, Acevez, Colindres, Szezol, Canto, Zullo, Nicpan, and Zahn were employed by the City of Chicago. Upon information and belief, based upon Chicago Police Department records, the City admits that Defendant Officers Marin, Ronan, Rivera, Acevez, Colindres, Szezol, Canto, Zullo, Nicpan, and Zahn were acting in their official capacity as law enforcement officers and acting within the scope of their employment. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

12.　　Upon information and belief, OFFICER MARIN #19521, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.　　Upon information and belief, OFFICER RONAN #2040, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Upon information and belief, OFFICER RIVERA #17044, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Upon information and belief, OFFICER ACEVEZ #18154, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Upon information and belief, OFFICER COLINDRES #19764, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Upon information and belief, OFFICER SZEZOL #6183, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Upon information and belief, OFFICER CANTO #6720, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Upon information and belief, OFFICER ZULLO #6727, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. Upon information and belief, OFFICER NICPAN #7668, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. Upon information and belief, OFFICER ZAHN #827, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Upon information and belief, UNKNOWN OFFICERS, on February 21, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## **CONSPIRACY**

23. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

   d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS; and

   e. generating false documentation to cover-up for their own and each other's

misconduct.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, including all of its subparts.

24. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about February 21, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, and suffer emotionally.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## EQUAL PROTECTION

25. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFFS, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFFS, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26. With regard to an Equal Protection Claim, PLAINTIFFS were a "Class of One." In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS. Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## *MONELL* ALLEGATIONS

27. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

a. generate false documentation to cover-up for the misconduct of fellow police officers;

b. engage in acts of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

c. fail to properly discipline officers from said police department who have committed act(s) of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

d. fail to properly investigate a complaint of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon another;

e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has [sic] been committed by said officer upon another;

f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g. fail to provide adequate sanctions/discipline to officers who commit false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

I. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m fail to properly investigate officers who commit acts of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n. fail to take proper remedial action with officers who commit acts of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence,

      indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens; and

o.     fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, misrepresentation of facts, fabrication of evidence, indifference to medical needs, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**ANSWER:** The City denies the allegations contained in this paragraph and its subparagraphs**.**

28.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

**ANSWER:** The City denies the allegations contained in this paragraph**.**

29.     A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER:** The City denies the allegations contained in this paragraph**.**

## COUNT I
## § 1983 Excessive Force

The City is not a party-defendant in Count I and therefore does not answer the allegations in that count.

## COUNT II
## § 1983 False Arrest

The City is not a party-defendant in Count II and therefore does not answer the allegations in that count.

## COUNT III
### False Arrest - State Claim

The City is not a party-defendant in Count III and therefore does not answer the allegations in that count.

## COUNT IV
### Battery - State Claim

The City is not a party-defendant in Count IV and therefore does not answer the allegations in that count.

## COUNT V
### Malicious Prosecution - State Claim

The City is not a party-defendant in Count V and therefore does not answer the allegations in that count.

## COUNT VI
### § 1983 Deliberate Indifference to Medical Needs

The City is not a party-defendant in Count VI and therefore does not answer the allegations in that count.

## COUNT VII
### § 1983 Conspiracy Claim

The City is not a party-defendant in Count VII and therefore does not answer the allegations in that count.

## COUNT VIII
### Conspiracy Claim — State Law

The City is not a party-defendant in Count VIII and therefore does not answer the allegations in that count.

## COUNT IX
## § 1983 Equal Protection - Class of One

The City is not a party-defendant in Count IX and therefore does not answer the allegations in that count.

## COUNT X - *Monell*

61.    Plaintiffs re-allege paragraphs 1 - 29 as though fully set forth herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1-29 as its answer to paragraph 61.

62.    As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for the wrongful and/or illegal acts.

**ANSWER:**    The City denies the allegations contained in this paragraph.

63.    Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

**ANSWER:**    The City denies the allegations contained in this paragraph.

64.    As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit of the CITY OF CHICAGO, PLAINTIFFS were injured in a personal and pecuniary manner.

**ANSWER:**    The City denies the allegations contained in this paragraph.

## COUNT XI
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

65.    PLAINTIFFS re-allege paragraphs 1 - 29 as though fully set forth herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1-29 as its answer to paragraph 65.

66. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:** The City admits that Defendant Officers Marin, Ronan, Rivera, Acevez, Colindres, Szezol, Canto, Zullo, Nicpan, and Zahn are employed by the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

67. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:** The City admits, upon information and belief, based upon CPD records, that Defendant Officers Marin, Ronan, Rivera, Acevez, Colindres, Szezol, Canto, Zullo, Nicpan, and Zahn were, at all times pertaining to the arrests of Plaintiffs on February 21, 2008, acting within the scope of their employment and under color of law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph

## COUNT XII
### Supplementary Claim for *Respondeat Superior*

68. PLAINTIFFS re-allege paragraphs 1 - 29 as though fully set forth herein.

**ANSWER:** The City incorporates its answers to paragraphs 1-29 as its answer to paragraph 68.

69. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER:** The City admits upon information and belief, based upon CPD records, that Defendant Officers Marin, Ronan, Rivera, Acevez, Colindres, Szezol, Canto,

Zullo, Nicpan, and Zahn were, at all times pertaining to the arrests of Plaintiffs on February 21, 2008, employees of the Chicago Police Department acting within the scope of their employment. The City states that Plaintiff's allegation that "the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*" is a vague, incomplete and/or inaccurate statement of Illinois statutory and common law regarding municipal liability and therefore, the allegation is denied. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## JURY DEMAND

Defendant City of Chicago requests a Jury Trial.

## AFFIRMATIVE DEFENSES

1.   Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged in Plaintiff's Complaint because a public employee is not liable for his or her acts or omissions in the execution of enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

2.   A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997)

3. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 754 ILCS 10/2-208.

4. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

5. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, just be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See People of City of Rolling Meadows*, 167 I.ll.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

6. If the Defendant Officers are not found liable to Plaintiff on any of his state claims, City is not liable to Plaintiff. 745 ILCS 10/2-109.

7. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

8. Under Illinois law, the City is not liable for conduct committed by employees not acting within the scope of their employment. *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec.203, 675 N.E.2d 110 (1996).

9. Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

                    Respectfully submitted,

                    MARA S. GEORGES
                    Corporation Counsel
                    City of Chicago

          By:    /s/ Thomas J. Aumann
                    THOMAS J. AUMANN
                    Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No.  06282455

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BOB BASSETT, DEVONSHAY SILAS, and CHARLES CATHEY, | ) ) ) | |
| | ) | No.     08 C 2640 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | JUDGE GOTTSCHALL |
| OFFICER MARIN, #19521, OFFICER RONAN, #2040, OFFICER RIVERA, #17044, OFFICER ACEVEZ, #18154, OFFICER COLINDRES, #19764, OFFICER SZEZOL, #6183, OFFICER CANTO, #6720, OFFICER ZULLO, #6727, OFFICER NICPAN, #7668, OFFICER ZAHN, #827, UNKNOWN OFFICERS, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Denlow |
| | ) | JURY DEMAND |
| Defendant(s). | ) ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

**To:**   Blake Horwitz
Horwitz, Richardson & Baker LLC
Two First National Plaza - 20 S. Clark Street
Suite 500
Chicago, Illinois 60603
bhorwitz@hrbattorneys.com

   PLEASE TAKE NOTICE that on July 23, 2008, the City of Chicago will file its answer, defenses and jury demand to Plaintiff's complaint, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.  A copy of that document is herewith served upon you.

   I hereby certify that I have served this notice and the attached document by causing it to be electronically mailed to the person named above at the e-mail address shown this 23rd day of July, 2008.

          Respectfully submitted,

          MARA S. GEORGES,
          Corporation Counsel
          City of Chicago

      By: /s/ Thomas J. Aumann
          THOMAS J. AUMANN
          Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455